IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-40,347-01 and WR-40,347-03






EX PARTE BOBBY LEE HINES









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

AND MOTION FOR STAY OF EXECUTION

FROM CAUSE NO. F91-21511-Q1 IN THE CRIMINAL DISTRICT COURT # 2

DALLAS COUNTY




 Per Curiam. 


O R D E R



 This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for a stay
of execution.

 In March 1992, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Hines v. State, No. AP-71,442 (Tex. Crim. App. May 10, 1995)(not designated for publication). Applicant filed his
initial post-conviction application for writ of habeas corpus in the convicting court on August
19, 1997. This Court denied applicant relief. Ex parte Hines, No. WR-40,347-01 (Tex.
Crim. App. Feb. 24, 1999)(not designated for publication). This Court also denied relief on
applicant's first subsequent application after it was remanded to the trial court. Ex parte
Hines, No. WR-40,347-02 (Tex. Crim. App. Nov. 23, 2005)(not designated for publication). 
This, applicant's second subsequent application, was filed in the trial court on October 10,
2012.

 In his application, applicant questions whether the State of Texas can protect a
judgment which rests on ineffective assistance of trial counsel by providing habeas counsel
who failed to function as post-conviction counsel in any meaningful sense. He argues that
this claim meets the dictates of Article 11.071, § 5(a)(1) because he has presented new facts
in his application. Applicant is mistaken. Accordingly, we dismiss the application as an
abuse of the writ without considering the merits of the claim.

 Alternatively, applicant requests that this Court re-open his initial writ application and
consider this claim there. However, this claim was not raised in the initial writ application. 
Further, applicant has not presented a compelling reason to re-open his initial writ
application, and we decline to do so. Applicant's motion to stay his execution is denied.

 IT IS SO ORDERED THIS THE 15TH DAY OF OCTOBER, 2012.

Do Not Publish